IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Rune LLC, Cedarbrook Properties, LLC, and Drake Investments, LLC <br><br> Plaintiffs, <br><br> v. <br><br> Kamson Dakota Properties, LLC, and The Kamson Corporation, <br><br> Defendants. | **ORDER** <br><br> Case No. 3:25-cv-67 |

Defendants Kamson Dakota Properties, LLC ("Kamson Dakota") and The Kamson Corporation (collectively, the "Kamson Defendants") move to dismiss Plaintiffs Rune LLC, Cedarbrook Properties, LLC, and Drake Investments, LLC's (collectively, "Rune") complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 12. Rune opposes the motion. Doc. 14. For the reasons below, the motion is granted in part and denied in part.

I.      **FACTUAL BACKGROUND**

This case involves Rune's attempt to pierce the corporate veil of Kamson Dakota in order to recover from The Kamson Corporation for its alleged breach of contract.

Rune LLC and Cedarbrook Properties are South Dakota limited liability companies with their principal places of business in Lake Norden, South Dakota. Doc. 1-2. Drake Investments is a South Dakota limited liability company with its principal place of business in Brookings, South Dakota. Id. Kamson Dakota is a North Dakota limited liability company with its principal place of business in Englewood, New Jersey. Id. Kamson Corporation is the parent company of Kamson Dakota and is a New Jersey corporation with a principal place of business in Englewood Cliffs, New Jersey. Id.

In June 2024, Rune and Kamson Dakota executed a purchase agreement. Rune agreed to sell apartment buildings to Kamson Dakota. Id. The apartment buildings are encumbered by a mortgage loan. Id. Kamson Dakota was to use good faith efforts to secure consent to assume the loan. Id. If consent was obtained, Kamson Dakota was to pay Rune $475,000. Id. In October 2024, the lender consented to assumption of the loan. Id. Rune alleges that Kamson Dakota breached the purchase agreement by exiting the deal without paying the $475,000. Id.

Rune brought this action against Kamson Dakota and named Kamson Corporation in attempt to pierce the corporate veil of Kamson Dakota and impose liability on Kamson Corporation. Id. Rune alleges that representatives of Kamson Corporation acted in a "fundamentally unfair manner while operating Kamson Dakota, resulting in an inequity or injustice against Plaintiffs." Id. Further, Rune contends that Kamson Dakota failed to observe corporate formalities, maintain sufficient capitalization, maintain functioning officers and directors, and maintain corporate records. Id.

Rune originally filed this case in North Dakota state district court. Id. The Kamson Defendants then removed the case, alleging diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. Rune brings two claims: (1) breach of contract and (2) piercing the corporate veil. Doc. 1-2. The Kamson Defendants move to dismiss Rune's piercing the corporate veil claim, arguing Rune failed to adequately plead it and that it is not a recognized cause of action in North Dakota. Doc 13; Doc. 16.

## II.   LAW AND DISCUSSION

Federal Rule of Civil Procedure 8(a) requires a pleading to contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." But a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Gorog v. Best Buy Co., 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." Id. at 570.

The Kamson Defendants argue Rune has failed to provide sufficient factual allegations for piercing the corporate veil and therefore it should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Doc 13. Rune argues it has met the pleading standard and the motion should be denied. Doc. 14. Further, Rune contends the information that would support the claim is in the Kamson Defendants' possession and will be revealed via discovery. Id.

"Whether to pierce a corporate veil is a legal determination that is governed by state law." Depositors Ins. Co. v. Hall's Rest., Inc., 717 F.App'x 653 (8th Cir. 2018). So, North Dakota law provides the rule of decision. In North Dakota, limited liability companies, like corporations, enjoy limited liability such that a member or owner of a limited liability company generally is not liable for company debts. UMB Bank, N.A. v. Eagle Crest Apartments, LLC, 2023 ND 4, ¶ 9, 984 N.W.2d 360, 365. However, a member or owner of a limited liability company will be personally responsible if circumstances are present that permit a corporation's veil to be pierced. Monster Heavy Haulers, LLC v. Goliath Energy Servs., LLC, 2016 ND 176, ¶ 22, 883 N.W.2d 917. Factors to consider in determining whether to pierce the corporate veil are:

> (1) insufficient capitalization for purposes of the corporate undertaking; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4) insolvency of the debtor corporation at the time of the transaction in question; (5) siphoning of funds by the dominant shareholder; (6) nonfunctioning of other officers and directors; (7) absence of corporate records; and (8) the existence of the corporation as merely a facade for individual dealings.

Id. at 926-27. "An element of injustice, inequity or fundamental unfairness must be present before a court may properly pierce the corporate veil." Id. at 927. Not all factors need be demonstrated to pierce the veil. Id.

District courts in the Eighth Circuit are reluctant to dismiss an attempt to pierce the corporate veil in the early stages of a case. See Equinor Energy L.P. v. Sunny Acres, LLC, No. 1:21-cv-82, 2022 WL 540795, at *2 (D.N.D. Feb. 23, 2022) (stating the court's reluctance to dismiss an attempt to pierce the corporate veil in the early stages of a motion to dismiss); Foreman Elec. Servs., Inc. v. Haliron Power, LLC, No. 4:19-CV-4157, 2022 WL 55015, at *3 (W.D. Ark. Jan. 5, 2022) (same); Container Life Cycle Mgmt. LLC v. Safety Mgmt. Servs. Co., No. 6:20-cv-6001, 2020 WL 2843224, at *6 (W.D. Ark. June 1, 2020) (indicating veil piercing is a factually intensive inquiry and noting the possibility of prematurely deciding the issue on a motion to dismiss); Ward v. Shad, No. 18-cv-1933, 2019 WL 1084219, at *5 (D. Minn. Mar. 7, 2019) (noting that providing notice of the intent to pierce the veil was sufficient to withstand a motion to dismiss).

Rune's allegations, although minimal, are sufficient under Rule 8, Twombly, and Iqbal. Rune alleges—among other things—that Kamson Dakota failed to observe corporate formalities, maintain sufficient capitalization, maintain functioning officers and directors, and maintain corporate records. Doc. 1-2, p. 5-6. Rune further contends that representatives of The Kamson Corporation acted unfairly while operating Kamson Dakota, "resulting in an inequity or injustice against Plaintiffs." Id. These allegations are sufficient to put the Kamson Defendants on notice as to Rune's intent to pierce the corporate veil. Discovery will reveal evidence about the relationship between Kamson Dakota and The Kamson Corporation, with the ultimate burden remaining on Rune.

The Kamson Defendants argue that piercing the corporate veil is not a distinct claim for relief and that it should be dismissed on this basis alone. Doc. 16. The Kamson Defendants are correct that piercing the corporate veil is not a separate and distinct claim under North Dakota law. <u>Monster Heavy Haulers</u>, 2016 ND, ¶ 22, 883 N.W.2d at 926 ("A request to pierce the corporate veil is only a means of imposing liability for an underlying cause of action and is not a cause of action in and of itself."). Given this, the Court grants in part the motion to dismiss to the extent that piercing the corporate veil is not a separate and distinct cause of action under North Dakota law. But Rune has put the Kamson Defendants on notice that it will pursue piercing the corporate veil as a means of imposing liability against Kamson Dakota under the remaining breach of contract claim.

### III. CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, the motion to dismiss for failure to state a claim (Doc. 12) is **GRANTED IN PART AND DENIED IN PART**. Rune's claim of piercing the corporate veil is **DISMISSED**. Rune may proceed with piercing the corporate veil as a means of imposing liability as to its breach of contract claim.

**IT IS SO ORDERED**.

Dated this 3rd day of November, 2025.

/s/ Peter D. Welte  
Peter D. Welte, Chief Judge  
United States District Court